UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-8015-CR-RYSKAMP

UNITED STATES OF AMERICA         :

v.                                :    **DEFENDANT'S NOTICE OF PENDENCY OF OTHER ACTIONS, AND MOTION TO TRANSFER CASE TO DIVISION OF JUDGE JOAN A. LENARD**

SALVADOR MAGLUTA, et al.         :

Defendant SALVADOR MAGLUTA, by and through counsel, and pursuant to Local Rule 3.9.C. of the Local Rules for the Southern District of Florida, respectfully notifies the Court of the pendency of a related and/or similar action, and moves this Court for an Order transferring this action to the division of the Honorable Joan A. Lenard. Specifically, Mr. Magluta submits that the instant action is related and similar to two cases that are assigned to Judge Lenard: <u>United States v. Magluta</u>, Case No. 96-341-Cr-Lenard, and <u>United States v. Magluta</u>, Case No. 97-102-Cr-Lenard. In support of this motion, Mr. Magluta states as follows:

**DISCUSSION**

1.  In August 1996, defendant Salvador Magluta was named in a 10 count superseding indictment in the Southern District of Florida, charging him with various offenses relating to the alleged use and possession of false documents, including foreign passports, registration cards, social security cards, and driver's



licenses, in the names of different alleged aliases. See United States v. Magluta, Case No. 96-341-Cr-Lenard (hereinafter the "passport case").

2. Trial commenced in late January 1997. On February 6, 1997, Mr. Magluta failed to appear in court for trial. The jury found Mr. Magluta guilty of all 10 counts, in absentia.

3. Shortly thereafter, Mr. Magluta was indicted in the Southern District of Florida for bond jumping. See United States v. Magluta, Case No. 97-102-Cr-Lenard (hereinafter the "bond jumping case"). Upon information and belief, the bond jumping case was designated as being related to the passport case. Thus, the bond jumping case, like the passport case, was assigned to Judge Lenard.

4. Upon his apprehension in April 1997, Mr. Magluta pleaded guilty to the bond jumping case.

5. The sentencing hearings on the passport case and the bond jumping case were held together as part of a sentencing process that spanned at least five days of sentencing hearings throughout the fall of 1997.

6. On December 22, 1997, Judge Lenard imposed sentence on both cases at the same time, sentencing Mr. Magluta to a term of imprisonment of 71 months on the passport case, and 41 months on the bond jumping case, for a total term of imprisonment of 112 months. See Tr. of 12/22/97, in United States v. Magluta, Case No. 96-341-Cr-Lenard and Case No. 97-102-Cr-Lenard, at pp. 243-44 (attached hereto as Exhibit A).

2

7.  On February 19, 1998, Mr. Magluta was named in five counts of the instant seven count indictment, charging him with conspiring to harbor a fugitive (i.e., himself), possession of false identification documents in the name of "Juan Alfonso," and making a false statement to a law enforcement officer by falsely claiming that his name was "Juan Alfonso."[1]

8.  The charges in the instant indictment arise out of the alleged conduct of Mr. Magluta while he was a fugitive from the two above-referenced cases -- conduct which was relied on by the government in support of its requests for sentencing enhancements and upward departures in the passport case and bond jumping case, and by Judge Lenard in sentencing Mr. Magluta in those cases.

9.  Local Rule 3.9, styled "Transfer of Refiled and Similar Actions and Procedures," provides in pertinent part as follows:

> **C. Similar.** Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

10. The instant case involves subject matter which is a material part of the subject matter of another action or proceeding which is still pending before Judge

---

[1] Five other defendants are named in the conspiracy count, as well as in two substantive counts related to the harboring of Mr. Magluta.

3

Lenard. Although both cases have been appealed to the United States Court of Appeals for the Eleventh Circuit, Judge Lenard has retained jurisdiction of the bond jumping case to consider Mr. Magluta's motion for reconsideration of the two level enhancement for obstruction of justice. The government's argument in support of the enhancement for obstruction of justice in that case relied exclusively on Mr. Magluta's possession and alleged use of the false identification documents in the name of "Juan Alfonso," and his alleged false statement upon his arrest. See Motion for Reconsideration, Government's Response, and Reply Memorandum in United States v. Magluta, Case No. 97-102-Cr-Lenard (attached hereto as Composite Exhibit B).

11. Additionally, in both the passport case and bond jumping case, the government argued for, and Judge Lenard considered, upward departures from Mr. Magluta's criminal history category, and enhancements for obstruction of justice and violations of judicial process, based on Mr. Magluta's possession of false identification documents in the name of "Juan Alfonso" during the course of his fugitivity and at the time of his arrest. See Tr. of 12/19/97, in United States v. Magluta, Case No. 96-341-Cr-Lenard and Case No. 97-102-Cr-Lenard, at pp. 3, 27-31, 61 (attached hereto as Exhibit C).[2]

---

[2] Mr. Magluta has not appended the entire transcript of these sentencing proceedings, which included extensive arguments about the significance of the documents and identifications seized from Mr. Magluta upon his arrest, resulting in Judge Lenard's findings regarding criminal history, and which identification documents are the subject matter of the instant indictment.

4

12. This is the same conduct which is now charged as Counts IV, V, VI, and VII of the indictment in the above-styled case.

13. Judge Lenard has handled both cases involving Mr. Magluta and is the jurist most familiar with the alleged conduct which underlies the indictment in this case.

14. The disposition of the instant case would entail the unnecessary duplication of judicial labor if heard by this Court.

15. It is also worth noting that co-counsel for Mr. Magluta, attorneys for the other defendants, as well as the lead prosecutor, are based in Miami.

16. In the interest of judicial economy, and to avoid the unnecessary duplication of judicial labor, Mr. Magluta respectfully submits that the instant case should be transferred to Judge Lenard.

17. Undersigned counsel (Martin Weinberg) contacted AUSA Michael Patrick Sullivan, who advises that the government opposes this request.

Respectfully Submitted,

*Martin Weinberg (SAS)*  
Martin G. Weinberg, Esq.  
(Mass. Bar #519480)  
OTERI, WEINBERG & LAWSON  
20 Park Plaza, Suite 905  
Boston, Massachusetts 02116  
(617) 227-3700  
Fax (617) 338-9538

*Roy Black (SAS)*  
Roy Black, Esq.  
(Fla. Bar #126088)  
BLACK SREBNICK & KORNSPAN, P.A.  
201 South Biscayne Boulevard, #1300  
Miami, FL 33131  
(305) 371-6421  
Fax (305) 358-2006

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed to the following named addressee, this 23rd day of February, 1998:

Michael Patrick Sullivan, Esq.
Assistant U. S. Attorney
99 N.E. 4th Street
Miami, Florida 33132

_Martin Weinberg (SMS)_
Martin G. Weinberg

# ADDITIONAL ATTACHMENTS NOT SCANNED

PLEASE REFER TO COURT FILE