**NIGHT BOX**
**FILED**

⠂⠁⠗ 2 ⠂ 19⠂⠂ /H/

CARLOS JUENKE
CLERK, USDC / SDFL / WPB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-8015-CR-RYSKAMP
(Magistrate Judge Vitunac)

UNITED STATES OF AMERICA          :

v.                                :

SALVADOR MAGLUTA, et al.          :

_____

**DEFENDANT'S MOTION TO DISMISS COUNT VII ON THE GROUND
THAT 18 U.S.C. §1546 DOES NOT APPLY TO THE POSSESSION
OF A FALSE UNITED STATES PASSPORT BY A UNITED STATES
CITIZEN, AND INCORPORATED MEMORANDUM OF LAW**

Defendant SALVADOR MAGLUTA, by and through undersigned counsel, respectfully moves this Court for an Order dismissing Count VII of the indictment on the ground that 18 U.S.C. §1546 does not apply to the possession of a false United States passport. In support of this motion, Mr. Magluta states:

**BACKGROUND**

1.     Defendant Salvador Magluta is charged in five counts of a seven count multi-defendant indictment with various violations of the United States Code. All of the charges arise out of conduct allegedly engaged in by Mr. Magluta after he failed to appear for trial in United States v. Magluta, Case No. 96-341-Cr-Lenard, on February 6, 1997.

2.     Count VII charges Mr. Magluta with possessing a document

"prescribed by statute or regulation for entry into the United States, to wit: a U.S. passport in the name of 'Juan Manuel Alfonso,' containing a photograph of the defendant Salvador Magluta, knowing it to have been procured by means of false claims and statements...," in violation of 18 U.S.C. §1546.

3.    Mr. Magluta is a United States citizen.

4.    The statute at issue -- 18 U.S.C. §1546 -- does not criminalize Mr. Magluta's alleged conduct because that statute was designed to punish aliens who falsify entry documents to enter into the United States.  It was not intended to punish United States citizens in possession of false United States passports.

5.    Accordingly, Count VII should be dismissed.

## MEMORANDUM OF LAW

18 U.S.C. §1546 was enacted as part of the Immigration and Nationality Act of 1952, and after having been amended in 1986 and again in 1996, provides, in pertinent part, as follows:

> (a) Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained ... [s]hall be fined under this title or imprisoned not more than ... 10 years (in the case of the first or second such offense...)

2

(Emphasis added).  The statute, prior to the 1986 amendment, criminalized the possession of documents which were <u>required</u>, as opposed to simply being <u>prescribed</u>, for entry into the United States (where such documents were counterfeit, false, altered, etc.).  <u>United States v. Campos-Serrano</u>, 404 U.S. 293, 298 (1971); <u>United States v. Osiemi</u>, 980 F.2d 344 (5th Cir. 1993).  Thus, under the earlier version of the statute, courts, including the Supreme Court, dismissed indictments where the false documents at issue were not documents <u>required</u> for entry into the United States.  <u>See</u> <u>e.g.</u> <u>Campos-Serrano</u>, 404 U.S. at 298 (holding that the possession of a counterfeit alien registration receipt card was not an act punishable under 1546(a) because such cards were not <u>required</u> for entry); <u>United States v. Vargas</u>, 380 F.Supp. 1162, 1168 (E.D.N.Y. 1974) (holding that a foreign passport is a travel document, not a required entry document).  In so concluding, the courts have held that 18 U.S.C. § 1546 should be read in conjunction with 8 U.S.C. § 1101 et seq., another part of the 1952 Immigration and Nationality Act.  <u>United States v. Campos-Serrano</u>, 404 U.S. 293, 298 (1971).  That statute, specifically 8 U.S.C. § 1101(a), defines various terms that appear in § 1546 and in other sections of Chapter 75 of the criminal code (dealing with passports and visas).

No court has decided whether 18 U.S.C. § 1546 is designed to punish the possession of a false United States passport by a United States citizen.  A plain reading of the statute, as well as an understanding of its purpose, demonstrate

3

that the statute does not cover the conduct at issue here. In particular, the statute punishes, and the indictment alleges, the possession of a "document prescribed by statute or regulation for <u>entry</u> into ... the United States." The term "entry" is defined in 8 U.S.C. §1101(a)(13) as follows:

> (13) The term "entry" means any coming of an <u>alien</u> into the United States, from a foreign port or place or from an outlying possession, whether voluntarily or otherwise...

(Emphasis added). Thus, when the two statutes are read together, it is clear that 18 U.S.C. §1546 only criminalizes the possession of false documents which are prescribed for use by <u>aliens</u> to enter into the United States. Aliens cannot use a United States passport for entry into the United States because aliens are not entitled to possess a United States passport. Thus, a United States passport is not an "entry" document within the plain meaning of §1546.

The conclusion that §1546 does not apply to United States passports is also supported by the statutory construction principle of *ejusdem generis:* "where general words follow an enumeration of persons or things, by words of a particular or specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned." *Black's Law Dictionary* (5th ed. 1979) at 464. Here, the phrase "other document prescribed by statute or regulation for entry into ... the United States" follows enumerated documents -- immigrant or nonimmigrant visa, permit, border crossing card, alien registration

4

receipt card -- all of which are documents issued to aliens, not United States citizens.  See 8 U.S.C. §1101(a)(6) (border crossing identification card); §1101(a)(16) (immigrant visa); §1101(a)(26) (defining "nonimmigrant visa" as a "visa properly issued to an alien as an eligible nonimmigrant by a competent officer as provided in this chapter") (emphasis added).  Thus, the phrase "other document prescribed by statute or regulation for entry into ... the United States" must likewise refer to documents issued to aliens for entry into the United States. United States passports are not issued to aliens for entry into the United States.

Because 18 U.S.C. §1546 does not apply to the possession of a false United States passport by a United States citizens, the holding in United States v. Osiemi, 980 F.2d 344 (5th Cir. 1993), does not affect the analysis.  That case involved the possession of a false Nigerian passport by a Nigerian national.  The Fifth Circuit held that a foreign passport was a "document prescribed by statute or regulation for entry into the United States."  In other words, the Court held that a foreign passport is a valid "entry" document.  Because the defendant was Nigerian, the Court did not address the situation in which the defendant is a United States citizen allegedly in possession of a United States passport.  See also Vargas, 380 F.Supp. at 1168-69 (under pre-1986 amendment version of the §1546, Colombian passport is not a "document required for entry into the United States").

The purpose of the Immigration and Nationality Act of 1952 supports this reading of the statute.  That law was effectuated to address the problem of aliens

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed to the following named addressees, this 27th day of May, 1998: Michael Patrick Sullivan, Esq. and Michael Davis, Esq.. Assistant U. S. Attorneys, 99 N.E. 4th Street, Miami, Florida 33132; Roy Kahn, Esq., 799 Brickell Plaza, Suite 606, Miami, FL 33131; Thomas Payne, Esq., 3780 W. Flagler St., Miami, FL 33134; J.C. Elso, Esq., 3780 W. Flagler St., Miami, FL 33134; Richard Diaz, Esq., 2701 S.W. 3rd Ave., Miami, FL 33129; and Jeffrey Weiner, Esq., Two Datran Center, 9120 S. Dadeland Blvd., Suite 1910, Miami, FL 33156.

Scott A. Srebnick, Esq.
Fla. Bar No. 872910

7

attempting to enter the United States with false or improper documentation. <u>See</u>

<u>generally</u> <u>Campos-Serrano</u>, 404 U.S. at 295-301; <u>Vargas</u>, 380 F.Supp. at 1164-68.

That law was not intended to criminalize the possession of a false United States

passport by a United States citizen.

## **CONCLUSION**

For the foregoing reasons, this Court should enter an Order dismissing Count

VII of the indictment.  Mr. Magluta requests such other and further relief that to

the Court may seem just and proper under the circumstances.

Respectfully Submitted,

Martin G. Weinberg
(Mass. Bar #519480)
OTERI, WEINBERG & LAWSON
20 Park Plaza, Suite 905
Boston, Massachusetts 02116
(617) 227-3700
Fax (617) 338-9538

Fla. Bar No 87290

Roy Black, Esq.
(Fla. Bar #126088)
BLACK SREBNICK & KORNSPAN, P.A.
201 South Biscayne Boulevard, #1300
Miami, FL 33131
(305) 371-6421
Fax (305) 358-2006

FLa. Bar No. 872910